**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ANDERSON STRAKER, : Civil No. 3:18-cv-1569
:
Plaintiff : (Judge Mariani)
:
v. :
:
S. VALENCIK, *et al.,* :
:
Defendants :

**MEMORANDUM**

**I.    Background**

Plaintiff, Anderson Straker, an inmate formerly confined in the United States

Penitentiary, Allenwood, Pennsylvania,[1] initiated this action pursuant to 28 U.S.C. § 1331.

(Doc. 1).   The named Defendants are Captain Feltman, Warden Oddo, Lieutenant Tyson,

SIS Valencik, and two unknown Defendants. *Id.*

Plaintiff states that "[o]n October 23, 2017, previous to the 10:00 p.m. count, [he] was

violently attacked by 3 inmates with makeshift knives, and shortly thereafter placed in a

segregated unit."   (Doc. 1 at 9).   He claims that "after two weeks of being in segregation,

[he] asked why he was being punished where [he] was the victim" and "when not receiving a

reply to [his] question, [he] asked vehemently for a grievance from members of [his] unit

---

[1]     On September 27, 2021, Straker was removed from the United States to Trinidad.

team, and when being promised that one would be given to [him, he] reached out to the Warden in an inmate request slip." *Id*.   Plaintiff claims that "no one would given [him] a grievance the entire time [he] was in Allenwood segregation and when they finally transferred [him, he] asked the people in Oklahoma for it and they told [him] that [he] had to wait until [he] reached [his] assigned prison facility" and "when making it in January, on the 31 of 2018, [he] pursued [his] first grievance." *Id*.

Plaintiff states that he "vigorously sought review at the Administrative level, and the filings were deemed untimely, where the above levels affirmed the prison institution's decision."   *Id*.

Plaintiff filed the instant action on August 7, 2018, seeking damages for Defendants' failure to protect Plaintiff.   *Id.*

By Memorandum and Order dated February 12, 2020, Defendants' motion for summary judgment, based solely on exhaustion of administrative remedies, was denied and Defendants were permitted to re-file a motion for summary judgment addressing the merits. (Docs. 40, 41).

By Memorandum and Order dated March 24, 2021, Defendants were granted summary judgment with respect to all claims except Plaintiff's Eighth Amendment failure to protect claim against remaining Defendant, Lieutenant Valencik.   (Docs. 59, 60).

By Order dated October 5, 2021, this Court approved a stipulation of the parties to

stay discovery pending the admission of Plaintiff's counsel, Tricia S. Lindsay.   (Doc. 70).

By Order dated December 3, 2021, this Court directed Attorney Lindsay to notify the Court of her intention to enter an appearance on behalf of Plaintiff, Anderson Straker. (Doc. 74).   The Order further warned that failure to enter an appearance on behalf of Straker would result in the action being dismissed for failure to prosecute.   *Id*.

On December 30, 2021, the Court deemed the above captioned action abandoned and dismissed the action.   (Doc. 76).

On July 15, 2022, seven months after the above captioned action was closed and nine months after the parties' initial stipulation to stay the action pending the entry of Attorney Lindsay, Lindsay filed a motion for relief from judgment, pursuant to Fed.R.Civ.P. 60(b)(1), arguing excusable neglect.   (Doc. 79).   For the reasons set forth below, the Court will deny Plaintiff's Rule 60(b) motion.

## II.   **Standard of Review**

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding" on one of six grounds. Fed. R. Civ. P. 60(b).   Under subsection (1), a court may grant relief based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Third Circuit views Rule 60(b) motions as "extraordinary relief which should be granted only where extraordinary justifying circumstances are present."   *Oat v. Sewer Enters., Ltd*., 584

Case 3:18-cv-01569-RDM-DB   Document 81   Filed 03/31/23   Page 4 of 10


Fed.Appx. 36, 41 (3d Cir.2014) (quoting *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir.1991)). A movant under Rule 60(b) bears a "heavy burden" to win such "extraordinary relief." *United States v. Meehan*, 600 Fed.Appx. 51, 54 (3d Cir.2015) (citing *Bohus*, 950 F.2d at 930). The Third Circuit "has emphasized that 'under well-established principles, Rule 60(b) is not a substitute for appeal.' " *Singleton v. Beadle*, 839 F. App'x 671, 673 (3d Cir. 2021) (nonprecedential) (quoting *Page v. Schweiker*, 786 F.2d 150, 154 (3d Cir. 1986)).

Under Rule 60(b)(1), courts may "grant a party relief from a final judgment based upon, inter alia, 'excusable neglect.' " *Nara v. Frank*, 488 F.3d 187, 193 (3d Cir. 2007) (quoting Fed. R. Civ. P. 60(b)(1)). "The test for 'excusable neglect' is equitable, and requires us to weigh the 'totality of the circumstances.' " *Id*. at 193-94 (quoting *Welch & Forbes, Inc. v. Cendant Corp.*, 234 F.3d 166, 171 (3d Cir.2000)). Courts are to consider the following factors: "1) the danger of prejudice to the other party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay—and whether it was within the movant's control; and 4) whether the movant acted in good faith." *Id*. at 194. "[C]ourts in the Third Circuit have routinely rejected Rule 60(b) requests where the movant fails to provide evidence in support of their application for relief." *Otis v. Chesapeake Appalachia*, LLC, 2012 WL 1657930, at \*4 (M.D.Pa. May 11, 2012) (citing cases). At all times, the movant bears the burden of establishing "excusable neglect." *Ethan Michael, Inc. v. Union Twp.*, 392 Fed.Appx. 906, 909 (3d Cir.2010).

## III.   Discussion

### A. Danger of Prejudice to Non-Moving Party

With regard to the first factor—the danger of prejudice to the non-moving party—the Court finds that Valencik would suffer substantial prejudice if the Court were to grant Straker's Rule 60(b)(1) Motion.   Plaintiff's above captioned action, filed on August 7, 2018, challenges an October 23, 2017 assault, in which Plaintiff claims that he was attacked by three inmates with makeshift knives.   (Doc. 1).   Thus, more than four years have passed since Plaintiff commenced his lawsuit and over five years have passed since the alleged assault.   Any forward motion in this case after the October 4, 2021 stipulation that the Court stay discovery pending Attorney Lindsay's entry of appearance was rendered impossible by Ms. Lindsay's failure to enter her appearance, even after she was warned that her failure to do so would result in the action being dismissed for such failure.   As such, memories fade over time, witnesses move and/or change jobs, and any hold on the preservation of documents and evidence would have expired after the time for filing an appeal from this Court's December 30, 2021 Order dismissing the above captioned action.

### B. Length of Delay and Potential Impact on Judicial Proceedings

With regard to the length of the delay and its potential impact on judicial proceedings, the Court finds that the length of delay between the Court's December 30, 2021 Order dismissing the case and Plaintiff's July 15, 2022 Rule 60(b) Motion, while not

barred as a matter of law under Rule 60(c)(1),[2] is nonetheless unreasonable in light of the facts of this case.   Attorney Lindsay could have entered her appearance at any time between July 22, 2021, when Straker notified the Court to send future mailings to Attorney Lindsay, and this Court's December 30, 2021 Order dismissing the case.   To the extent that Plaintiff's attorney argues that that the delay did not negatively impact judicial proceedings and contends that it would actually benefit the Defendant because "they have actually had additional time to investigate plaintiff's claims while awaiting Attorney Lindsay's admission," such argument is unreasonable and disingenuous.   Discovery in this action was stayed by Order dated October 5, 2021, pending Attorney Lindsay's admission and then the action was closed on December 30, 2021, when no entry of appearance had been made.   Thus, Plaintiff's argument that the delay in proceedings somehow benefited Defendant is completely without merit because no discovery could have been engaged in by the defendant, because of Ms. Lindsay's failure to enter her appearance.   Equally without merit is Plaintiff's request to file an amended complaint "so that his case may properly be heard." (Doc. 79-2 at 2).   A request to start the judicial proceedings over again some five years later severely prejudices the only remaining Defendant, who believed an adverse action against him had concluded in December, 2021.

---

2    Motions seeking relief for excusable neglect "must be made within a reasonable time... no more than a year after the entry of the judgment or order or the date of the proceeding." *See* Fed. R. Civ. P. 60(c)(1).

*C. Reason for the Delay and Whether it was Within Movant's Control*

Plaintiff argues that he "had no control when Ms. Lindsay would be barred in the Commonwealth, neither did Ms. Lindsay." (Doc. 79-1 at 5).

Initially, the Court notes that an out-of-state Attorney is not required to become barred in the Commonwealth of Pennsylvania in order to practice before a federal district court.   Pursuant to M.D. LR 83.8.2.1, *Pro Hac Vice* Admission:

> An attorney who is admitted to practice in any United States District Court and the highest court of any state, and who is a member of the bar in good standing in every jurisdiction where admitted to practice, and who is not subject to pending disciplinary proceedings in any jurisdiction, may be admitted to practice by leave granted in the discretion of the court but only for the purpose of a particular case. The name, address telephone number and bar identification number of the associate counsel required by Local Rule 83.9 shall be provided on the application at the time of filing.

The filing of a *Pro Hac Vice* Admission form usually results in the form being docketed on the record.   This Court's turnaround of *Pro Hac Vice* Admission forms is, at best, one to two days.   Absent from this action is Ms. Lindsay's *Pro Hac Vice* Admission form.   The Court finds Ms. Lindsay's attempt to deflect responsibility by claiming that she had "no control" or could not "receive or send, or file any documents with the court via Pacer, until her admission into the Commonwealth was complete," (Doc. 79-1 at 5), to show a remarkable ignorance of the law in as much as admission to the bar of the Commonwealth of Pennsylvania is not required of an attorney barred in another state under the rules for *pro hac vice* admission stated above. Ms. Lindsay fails to attach the *Pro Hac Vice* Admission as an exhibit to support her argument that the delay in admission was due to Court or Clerk's Office error.   Moreover,

the Court is unpersuaded by Ms. Lindsay's argument that she was without resources to check

on the status of the above captioned action until her admission. PACER and Lexis CourtLink

are two publicly available internet applications.   However, even someone without access to

the internet or a computer has the availability of phoning the Clerk's Office to inquire as the

status of a case and the status of their *Pro Hac Vice* Admission form.   Thus, under the

circumstances here, the suggestion that Plaintiff and his counsel are not responsible for their

own lack of diligence strains credulity to the breaking point.   As such, the court finds that the

third factor weighs against Plaintiff, because of Plaintiff's counsel's negligence in not taking

any action in this case for approximately 10 months, i.e. from October, 2021, when the stay

was entered, until July of 2022, when Plaintiff's counsel first entered her appearance.[3]

### D. Whether the Movant Acted in Good Faith

With regard to the final factor—whether the movant acted in good faith—the Third

Circuit has stated that a party acts in good faith where it acts with "reasonable haste to

investigate the problem and to take available steps toward a remedy." *Welsh & Forbes, Inc.*

*v. Cendant Corp. (In re Cendant Corp. PRIDES Litig.)*, 235 F.3d 176, 184 (3d Cir.2000).

As set forth above, the Court does not credit Ms. Lindsay's suggestion that both she

and Plaintiff had no control or without fault.   The Court also concludes that counsel did not

act with "reasonable haste" in pursuing her admission into this Court.   The Court thus finds

---

3       The Court further notes that its Order of December 6, 2021 (Doc. 74) requiring Attorney
Lindsay to notify the Court of her intention to enter an appearance in this case specifically sets
forth Attorney Lindsay's address of record, undermining her assertion that she never received the
document.

that this factor weighs against the grant of Plaintiff's Rule 60(b) Motion.

### E. Totality of the Circumstances

All four of the excusable neglect factors weigh against granting Plaintiff's motion.   This Court issued an Order on October 5, 2021, staying the above captioned action pending admission of Attorney Lindsay.   The record reflects that no entry of appearance was filed by Ms. Lindsay until July 7, 2022, well after the dismissal of Plaintiff's case on December 30, 2021.   Ms. Lindsay never attempted to contact the Court directly to check on the status of this action or to check on the action electronically via a publicly available internet application. Nor did Attorney Lindsay need to be barred in Pennsylvania prior to entering her appearance in this action.   Furthermore, she only took action seven months after the District Court's dismissal of Plaintiff's case, demonstrating an extreme lack of diligence in pursuing this case. The consequence of those facts is that the "overall negligence in handling the matter precludes us from finding 'excusable neglect.'"   *Nara*, 488 F.3d at 194; *cf. Mullin v. Balicki*, 875 F.3d 140, 154 (3d Cir. 2017) ("It is well established that clients must be held accountable for the acts and omissions of their attorneys." (internal quotation marks and citation omitted)). Assessing these factors under the totality of the circumstances, and considering the equities in this case, the Court will deny Plaintiff's relief under Rule 60(b)(1).

IV.     **Conclusion**

Based on the foregoing discussion, the Court finds that this is not an extraordinary case that warrants the extraordinary remedy of Rule 60(b) relief or reconsideration. *Sewer Enters.*, Ltd., 584 Fed.Appx. at 41.   Accordingly, Plaintiff's Motion for Relief from Judgment Pursuant to Rule 60(b)(1) will be denied.    A separate Order shall issue.

Dated: March 31, 2023

Robert D. Mariani
United States District Judge